IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | I N D I C T M E N T |
| | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | Violation: 21 U.S.C. §§ 331(a), 333(a)(1), |
| | ) | 352, 812, 813, 841(a)(1), 841(b)(1)(C), |
| ANDREW MICHAEL SPOFFORD; | ) | and 846; and 18 U.S.C. § 2 |
| CASEY STEVENS ROSEN; | ) | |
| PETER JEVNING HOISTAD; | ) | |
| ALLYSON GABRIELLA DESANTOS; | ) | |
| and STEVEN MITCHELL WILLIAM | ) | |
| BUCHER | ) | |

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances and Controlled Substance Analogues Resulting in Serious Bodily Injury and Death**

The Grand Jury Charges:

From in or about January 2011 and continuously through the date of this Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

ANDREW MICHAEL SPOFFORD;
CASEY STEVENS ROSEN;
PETER JEVNING HOISTAD;
ALLYSON GABRIELLA DESANTOS; and
STEVEN MITCHELL WILLIAM BUCHER

did knowingly and intentionally combine, conspire, confederate, and agree together with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute the following controlled substance analogues, as defined in 21 U.S.C. § 802(32), knowing the substances were intended for human consumption as provided in 21 U.S.C. § 813:

1. N-(2-methoxybenzyl)-4-chloro-2,5-dimethoxyphenethylamine, which is also known as 2C-C-NBOMe or 25C-NBOMe, is a controlled substance analogue of 2,5-Dimethoxy-4-bromophenethylamine, also known as 2C-B, a Schedule I controlled substance;

2. N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, is a controlled substance analogue of 2,5-Dimethoxy-4-bromophenethylamine, also known as 2C-B, a Schedule I controlled substance;

3. 4-Chloro-2,5-dimethoxy-amphetamine, which is also known as DOC, is a controlled substance analogue of 2,5-Dimethoxy-4-methyl-amphetamine, also known as DOM, a Schedule I controlled substance;

4. 2-(Ethylamino)-2-(3-methoxyphenyl)cyclohexanone, also known as MXE or Methoxetamine, is a controlled substance analogue of N-ethyl-1-phenylcyclohexylamine also known as 3-Eticyclidine or PCE, a Schedule I controlled substance;

5. 6-(2-Aminopropyl)-2,3-dihydrobenzofuran, which is also known as 6-APDB, is a controlled substance analogue of MDA (3,4-methylenedioxy-amphetamine), a Schedule I controlled substance.

The distribution of N-(2-methoxybenzyl)-4-chloro-2,5-dimethoxyphenethylamine, which is also known as 2C-C-NBOMe or 25C-NBOMe, and N-(2-methoxybenzyl)-4-iodo-2,5-

dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, resulted in serious bodily injury and death.

As a further part of this conspiracy, the above-named defendants also did knowingly and intentionally combine, conspire, confederate, and agree together with others, both known and unknown to the grand jury, to possess with intent to distribute and did distribute the following controlled substances: cocaine, a Schedule II controlled substance; marijuana, a Schedule I controlled substance; ecstacy (3,4-methylenedioxymethamphetamine - MDMA), a Schedule I controlled substance; MDA (3,4-methylenedioxyamphetamine), a Schedule I controlled substance; 2,5-Dimethoxy-4-bromophenethylamine, also known as 2C-B, a Schedule I controlled substance, and Psilocyn, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 812, 813, 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of N-(2-methoxybenzyl)-4-chloro-2,5-dimethoxyphenethylamine,

which is also known as 2C-C-NBOMe or 25C-NBOMe, within the states of North Dakota, Minnesota, and elsewhere;

 2.  It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, within the states of North Dakota, Minnesota, and elsewhere;

 3.  On or about June 11, 2012, the distribution of N-(2-methoxybenzyl)-4-chloro-2,5-dimethoxyphenethylamine, which is also known as 2C-C-NBOMe or 25C-NBOMe, and N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, resulted in the death of C.A.B. in Grand Forks, North Dakota;

 4.  On or about June 11, 2012, the distribution of N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, resulted in serious bodily injury to C.L.J. in Grand Forks, North Dakota;

 5.  On or about June 13, 2012, the distribution of N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, resulted in the death of E.R.S. in East Grand Forks, Minnesota;

 6.  It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute a mixture and substance containing a

detectable amount of 4-Chloro-2,5-Dimethoxy-amphetamine, which is also known as DOC.  This is a controlled substance analogue of 2,5-Dimethoxy-4-methyl-amphetamine also known as DOM, a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

      7.  It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of 6-(2-Aminopropyl)-2,3-dihydrobenzofuran, which is also known as 6-APDB is a controlled substance analogue of  MDA (3,4-methylenedioxy-amphetamine), a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

      8.  It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of Etizolam.  The purpose of distributing Etizolam was to counteract any negative effects of the various hallucinogens distributed as part of this conspiracy;

      9.  It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of  marijuana, ecstacy (MDMA), MDA, Psilocyn, and 2,5-Dimethoxy-4-bromophenethylamine, also known as 2C-B, all Schedule I controlled substances, and cocaine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

10. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

11. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities;

12. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

13. It was further a part of said conspiracy that the defendants and others would and did distribute controlled substance analogues and controlled substances to juveniles; and

14. Defendant ANDREW MICHAEL SPOFFORD was a leader, organizer, manager, and supervisor in this conspiracy;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

COUNT TWO

**Possession of an Analogue Controlled Substance with Intent to Distribute and Distribution Resulting in Death**

The Grand Jury Further Charges:

In or about June 2012, in the District of North Dakota,

ANDREW MICHAEL SPOFFORD

did knowingly and intentionally possess with intent to distribute N-(2-methoxybenzyl)-4-chloro-2,5-dimethoxyphenethylamine, which is also known as 2C-C-NBOMe or 25C-NBOMe, and did distribute N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, both being controlled substance analogues as defined in 21 U.S.C. § 802(32), knowing the substances were intended for human consumption as provided in 21 U.S.C. § 813, in Grand Forks, North Dakota, and the use of the substances resulted in the death of C.A.B.;

In violation of Title 21, United States Code, Sections 813, 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT THREE

**Distribution of an Analogue Controlled Substance Resulting in Serious Bodily Injury**

The Grand Jury Further Charges:

In or about June 2012, in the District of North Dakota,

ANDREW MICHAEL SPOFFORD

did knowingly and intentionally distribute N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, a controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing the substance was intended for human consumption as provided in 21 U.S.C. § 813, in Grand Forks, North Dakota, and the use of the substance resulted in serious bodily injury to C.L.J., as defined in 21 U.S.C. § 802(25);

In violation of Title 21, United States Code, Sections 813, 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR

**Possession of an Analogue Controlled Substance with Intent to Distribute Resulting in Death**

The Grand Jury Further Charges:

In or about June 2012, in the District of North Dakota,

ANDREW MICHAEL SPOFFORD

did knowingly and intentionally possess with the intent to distribute N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, which is also known as 2C-I-NBOMe or 25I-NBOMe, a controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing the substance was intended for human consumption as provided in 21 U.S.C. § 813, in Grand Forks, North Dakota, and the use of the substance resulted in the death of E.R.S.;

In violation of Title 21, United States Code, Sections 813, 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

**Causing the Introduction into Interstate Commerce of a Misbranded Drug**

The Grand Jury Further Charges:

In or about January 2011 and continuously until the date of this Indictment, in the District of North Dakota, and elsewhere,

ANDREW MICHAEL SPOFFORD

did cause to be introduced and delivered for introduction into interstate commerce from outside of the United States to the State of North Dakota and elsewhere, a misbranded drug, namely, Etizolam, said pills of Etizolam being misbranded within the meaning of:

a. Title 21, United States Code, Section 352(f)(1), in that their labeling did not bear adequate directions for use; and

b. Title 21, United States Code, Section 352(f)(2), in that their labeling did not bear adequate warnings;

All in violation of Title 21, United States Code, Sections 331(a), 333(a)(1), and 352, and Title 18, United States Code, Section 2.

A TRUE BILL:

s/ Grand Jury Foreperson
Foreperson

/s/ Lynn C. Jordheim
LYNN C. JORDHEIM
Attorney for the United States Acting Under
Authority Conferred by 28 U.S.C. § 515

CCM:ld